# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1837 | **DATE** | 1/5/2005 |
| **CASE TITLE** | Wheeler vs. Walls | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, petitioner's petition for writ of habeas corpus is denied. Petition is dismissed and case is terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 0 6 2005 | |
| | Notified counsel by telephone. | | date docketed | 19 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | 1/5/2005 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel. WILLIE WHEELER, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) No. 03 C 1837 ) Judge Joan H. Lefkow |
| JONATHAN WALLS, Warden, Jacksonville Correctional Center, | ) ) ) ) |
| Respondent. | ) ) ) |

DOCKETED
JAN 0 6 2005

## MEMORANDUM OPINION AND ORDER

Petitioner Willie Wheeler ("Wheeler") was convicted at a bench trial in the Circuit Court of Cook County, Illinois, of two counts of possession of a controlled substance with intent to deliver. The court sentenced Wheeler to prison terms of ten and seven years, to run concurrently. In his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Wheeler claims that the trial judge's questioning of a "critical" defense witness at a time when Wheeler's counsel was not present violated his Sixth Amendment right to the effective assistance of counsel. For the reasons stated below, the court denies his petition.

I.  **Standard of Review**

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), this court must deny Wheeler's petition for a writ of habeas corpus with respect to any claim adjudicated on the merits in a state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

of the United States." 28 U.S.C. § 2254(d)(1); *Lindh v. Murphy*, 96 F.3d 856, 879 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997). A state court's decision is contrary to clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [it]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court's decision is an unreasonable application of clearly established Supreme Court law "if the state court identifies the correct governing legal rule from [the] Court's cases but unreasonably applies it to the facts of a particular prisoner's case" or "if the state court either unreasonably extends a legal principle from [Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.*

When a case falls under § 2254(d)(1)'s "contrary to" clause, this court reviews the state court decision *de novo* to determine the legal question of what is clearly established law as determined by the Supreme Court and whether the state court decision is "contrary to" that precedent. When a case falls under the "unreasonable application of" clause of § 2254(d)(1), however, the court defers to a reasonable state court decision. *Anderson v. Cowan*, 227 F.3d 893, 896-97 (7th Cir. 2000). In other words, the court reviews core issues of federal law *de novo*. *Lindh*, 96 F.3d at 877. When confronted with mixed questions of law and fact (*i.e.*, whether a state court's holding involved an "unreasonable application" of clearly established Supreme Court precedent), the court also applies a *de novo* standard but "with a grant of deference to any reasonable state court decision." *Anderson*, 227 F.3d at 897. A state court satisfies this reasonableness standard if its application is "at least minimally consistent with the facts and

2

circumstances of the case." *Spreitzer* v. *Peters*, 114 F.3d 1435, 1442 (7th Cir. 1997).

## II. Background

### A. Procedural History

Following a bench trial in the Circuit Court of Cook County in 2000, Wheeler was convicted of two counts of possession of a controlled substance (cocaine and heroin), with intent to deliver. He was sentenced to concurrent prison terms of ten and seven years respectively. Wheeler appealed his conviction to the Illinois Appellate Court, arguing that the trial judge's questioning of a "critical" defense witness at a time when Wheeler's counsel was not present denied him of his right to the effective assistance of counsel, and that the judge abandoned his role as an impartial arbiter and assumed the role of an advocate. On June 20, 2002, the appellate court affirmed Wheeler's conviction and sentence. *People* v. *Wheeler*, No. 1-00-2759, slip op. (Ill. App. 1st Dist. 2002). On October 2, 2002, the Illinois Supreme Court denied Wheeler's petition for leave to appeal.

### B. Facts

When considering a habeas petition, the court must presume that the state courts' factual determinations are correct unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Todd* v. *Schomig*, 283 F.3d 842, 846 (7th Cir. 2002). Wheeler has not presented clear and convincing evidence to rebut this presumption. Thus, the court relies on the Illinois Appellate Court's recitation of the facts. *Wheeler*, No. 1-00-2759, at 1-6.

On March 6, 1999, approximately six Chicago police officers executed a search warrant at an apartment at 8100 South Drexel Avenue in Chicago. Officer Nicholas Zavolokoff testified

3

that, upon entering the apartment, he saw Wheeler walking out of a bedroom and a woman, later identified as Wheeler's fiancée Cherise Walls, standing in an open kitchen. Zavolokoff asked Wheeler if he resided in the apartment, and Wheeler responded "yes." Zavolokoff showed Wheeler the search warrant and searched Wheeler's person. He recovered three house keys, two of which fit back doors to the apartment, a payroll check from J.P.C. Industries, Inc., payable to Willie Wheeler at 8100 South Drexel, and $290 in currency. In response to questions from the officers, Wheeler stated that he had a nine millimeter pistol under his mattress in the bedroom and that there were no narcotics in the apartment.

Zavolokoff and another officer then searched the bedroom that Zavolokoff had seen Wheeler exiting. The officers found a loaded nine millimeter pistol under the mattress and an Uzi assault rifle with three clips in a gun case under the bed. They also recovered an open cardboard box on the night stand containing a plastic bag of white powder the officers suspected to be heroin, a bag of a substance the officers suspected to be crack cocaine, several plastic bags, two plastic bottles, a digital gram scale, and an electric grinder with white powder residue. They also found nine boxes of live ammunition in the closet. Zavolokoff testified that during the search of the bedroom, he observed both men's and women's clothing.

Zavolokoff then placed Wheeler under arrest and told him about the items found in the bedroom. According to Zavolokoff, Wheeler stated that "the crack cocaine was his, the heroin was not, the nine millimeter was his, and the Uzi was not." At the police station, Wheeler told police where he had purchased the nine millimeter and the crack cocaine and again denied owning the assault rifle.

At Wheeler's bench trial, the parties stipulated that a forensic chemist would testify that

4

he tested the substances recovered from the apartment. One bag weighed 123 grams and tested positive for cocaine. The other bag weighed 19.9 grams and tested positive for heroin.

After the state rested its case, the trial judge granted Wheeler's motion for a directed finding of not guilty as to one count of armed violence with the assault rifle. The judge then continued the case until the following week so that defense counsel could present the testimony of Wheeler and Cherise Walls on the same day.

On the next scheduled trial date, Wheeler's retained counsel was not present. The judge asked Wheeler if he wanted a continuance so that his attorney could be present, and Wheeler replied that he did. Wheeler's work supervisor, Joe Pullen ("Pullen") was present that day, and the judge told Pullen that the case would be continued and asked him to come back in a month. Pullen was not listed on Wheeler's answer to discovery as a potential defense witness at trial. Pullen stated that he thought he was present as a character witness and to substantiate Wheeler's employment. Pullen asked, "Is it possible that I could do that now, for the record?" The judge asked if the prosecutor had any objection, and the prosecutor replied that he did not. Pullen was then sworn, and the following exchange took place:

> COURT: Could you state your name and spell your last name for the record?
> PULLEN: My name is Joe Pullen, P-u-l-l-e-n.
> COURT: All right. Mr. Pullen, could you let us know what your purpose is here today?
> PULLEN: My purpose was to serve as a character witness for Mr. Wheeler and to substantiate his employment with the Safety Co. Company.
> COURT: All right. Could you do that?
> PULLEN: Well, Willie has worked for the company for about a year and a half now, pretty close to it. And he has worked out surprisingly. I didn't expect to get the performance from him that I did. He has moved from a service technician's position to office sales and training. He has been, which surprised me through his work – he comes to work on time everyday. I think a lot of him.
> COURT: Thank you. State, do you have any cross examination?
> MR. AUSTIN [Assistant State's Attorney]: Sir, you weren't present on the date that Mr.

> Wheeler was arrested, is that right?
> PULLEN: No.
> AUSTIN: You were not present then?
> PULLEN: No.

The judge then excused Pullen and continued the trial to a date six weeks later. When the trial resumed, Wheeler's counsel was present, but he neither mentioned Pullen's testimony nor requested that Pullen be recalled as a witness.

## III. Discussion

The Sixth Amendment of the United States Constitution guarantees all criminal defendants "the Assistance of Counsel." Wheeler contends that the trial judge violated his Sixth Amendment right to the assistance of counsel by questioning Pullen while Wheeler's counsel was absent from the courtroom and without obtaining from Wheeler a waiver of his right to counsel. The entirety of his claim is that, "On the second day of trial, the trial judge continued without retained counsel's presence, in disregard of Wheeler's request for a continuance, and [ ] the judge rendered 'direct examination' of a critical defense witness."

This court first reviews the state court decision to determine whether the state court arrived at a "conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confront[ed] facts that are materially indistinguishable from a relevant Supreme Court precedent and arrive[d] at a result opposite to [it]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). Normally, to establish ineffective assistance of counsel, a defendant must show that his attorney's performance was deficient and that he was prejudiced by that deficient performance. *See e.g., Strickland v. Washington*, 466 U.S. 668 693-696 (1984). However, in *United States v. Cronic*, 466 U.S. 648, 659 (1984), the Supreme Court stated that courts should presume

constitutional error, without regard to prejudice when the accused is denied counsel at a "critical stage of his trial."

In rejecting Wheeler's appeal, the Illinois Appellate Court held that Wheeler was not prejudiced by the trial judge's questioning of Pullen. The court held that, regardless of Pullen's testimony,

> the evidence overwhelmingly established defendant's guilt. Officer Zavolokoff testified that defendant admitted he resided in the apartment and owned cocaine found there. The officer found keys to the apartment on defendant's person. Besides the large quantities of cocaine and heroin found, the police also recovered drug paraphernalia and weapons from the bedroom they saw defendant exiting. Given this evidence, the State has met its burden of showing that the court's questioning of Pullen was harmless beyond a reasonable doubt.

This holding is "at least minimally consistent with the facts and circumstances of the case." *Spreitzer*, 114 F.3d at 1442. Thus, Wheeler's claim must fail unless the judge's questioning of Pullen occurred during a "critical stage" of Wheeler's trial. The court holds that it did not.

The record shows that Pullen, whose name was absent from the list of witnesses in Wheeler's answer to discovery, appeared in court at a time when defense counsel was not present. When asked if he could return at a later time, Pullen said that he was there as a character witness and to substantiate Wheeler's employment and asked if he could "do that now, for the record." The court agreed, as a accommodation to the witness. Pullen then testified quite favorably for Wheeler. On the continued trial date, Wheeler's defense counsel made no mention of Pullen and presented the defense case without seeking leave to recall Pullen. Furthermore, Pullen was not present in the apartment when Wheeler was arrested. The court fails to see how the trial judge's questioning of Pullen deprived Wheeler of the testimony of a "critical" witness,

7

especially given that Wheeler's counsel had the opportunity to ask the court for leave to recall Pullen but chose not to do so. Thus, Wheeler's petition is denied.

## CONCLUSION

For the reasons stated above, the court denies Wheeler's petition for a writ of habeas corpus [#1]. This case is terminated.

Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Date: January 5, 2005